# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

NO. 03-22-00639-CR
NO. 03-22-00640-CR

---

**Jontay Antoine Pitts, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE 277TH DISTRICT COURT OF WILLIAMSON COUNTY
NOS. 19-0562-K277 & 20-0427-K277,
THE HONORABLE STACEY MATHEWS, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

In two cases consolidated for purposes of a hearing on the State's motion to adjudicate, the district court adjudicated appellant Jontay Antoine Pitts guilty of the offenses of possession of a controlled substance, *see* Tex. Health & Safety Code § 481.116(c), and possession of a controlled substance with intent to deliver, *see id*. § 481.113(c). The district court sentenced Pitts to four years' imprisonment for the possession offense and five years' imprisonment for the possession-with-intent-to-deliver offense, with the sentences to run concurrently. Pitts filed a motion for new trial, which was overruled by operation of law. These appeals followed.[1]

---

[1] The appeal of the possession adjudication was filed as appellate cause number 03-22-00639-CR. The appeal of the possession-with-intent-to-deliver adjudication was filed as appellate cause number 03-22-00640-CR.

In each appeal, Pitts's court-appointed counsel has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967). The briefs meet the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See id*. at 744-45; *see also Penson v. Ohio*, 488 U.S. 75, 81–82 (1988); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009). Counsel has certified to this Court that she has provided Pitts with a copy of the motion and brief, advised him of his right to examine the appellate record and file a pro se response, and supplied him with a copy of the appellate record. *See Kelly v. State*, 436 S.W.3d 313, 319-20 & n.22 (Tex. Crim. App. 2014). No pro se brief or other response has been filed.

Upon receiving an *Anders* brief, we must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *See Penson*, 488 U.S. at 80; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). In trial court cause number 19-0562-K277, the State alleged that Pitts, on or about March 14, 2019, possessed a controlled substance, tetrahydrocannabinol (THC), in an amount of one gram or more but less than four grams. Pitts pleaded guilty to that offense, and the district court placed him on deferred-adjudication community supervision for six years.

In trial court cause number 20-0427-K277, the State alleged that Pitts, on or about February 25, 2020, possessed with intent to deliver a controlled substance, THC, in an amount of four grams or more but less than 400 grams. Pitts pleaded guilty to the lesser-included offense of possession with intent to deliver a controlled substance, THC, in an amount of one gram or more but less than four grams, and the district court placed him on deferred-adjudication community supervision for five years.

In 2022, the State filed a motion to adjudicate in each case, alleging that Pitts had violated the conditions of his community supervision. The State alleged that Pitts had violated his community supervision by committing subsequent criminal offenses, using marijuana and alcohol, failing to report to his community-supervision officer as directed, changing his place of residence and leaving his county of supervision without permission, failing to submit a urine sample as directed, failing to successfully complete a drug aftercare program as directed, and failing to attend and participate in recovery support group meetings as directed.

The cases proceeded to an adjudication hearing. At the beginning of the hearing, Pitts pleaded true to some violations[2] and not true to others.[3] The district court proceeded to hear evidence relating to the disputed violations.

Officer Christian Adame of the Austin Police Department testified that on March 18, 2022, he responded to a report of an automobile collision between a Toyota Camry and a Toyota Tacoma. While at the scene of the collision, Adame learned that a male and a female who had been inside the Camry had fled the scene on foot. Adame located the two individuals hiding behind a nearby Walgreen's and identified the male as Pitts, who admitted that he had been driving the Camry and had fled the scene because he did "not want[] to be

---

[2] Pitts pleaded true to intentionally or knowingly using or possessing with intent to use a substance or device designed to falsify drug test results; consuming alcohol; failing to report to his community supervision officer in February 2022; changing his place of residence without permission; failing to submit a urine sample as directed; failing to successfully complete a drug aftercare program as directed; and failing to attend and participate in recovery support group meetings as directed.

[3] Pitts pleaded not true to intentionally or knowingly possessing a usable quantity of marijuana in an amount of less than two ounces; failing to stop and render aid at the scene of an automobile collision; intentionally or knowingly possessing a controlled substance, THC, in an amount of four grams or more but less than 400 grams; using marijuana; failing to report to his community supervision officer in March and April 2021; and leaving his county of supervision without permission.

involved with the crash" and was concerned about his female friend. Adame arrested Pitts for failure to stop and render aid.

Officer James Norton of the Round Rock Police Department testified that on April 22, 2022, he responded to a report of a theft of a vehicle that belonged to Pitts's girlfriend. When Norton arrived at the apartment complex where Pitts's girlfriend lived, he found the vehicle in the parking lot and a man, later identified as Pitts, "arched over reaching into the vehicle." Norton instructed Pitts to step away from the vehicle, and Pitts complied. Inside the vehicle, Norton saw "multiple THC vape devices and a large quantity of cash spread around the passenger compartment of the vehicle." The amount of cash found inside the vehicle was determined to be "$5,840 dollars in $20 bills." Norton found an additional $2,931.00 in cash inside Pitts's pants pocket. Norton asked Pitts if there were any narcotics inside the vehicle, and Pitts "advised that there was a small amount of weed in the vehicle and that there were some CBD vape devices in the car." The vape devices were contained in separate packages, specifically "multiple five-stack cartons separated by flavor." Photos of the packages were admitted into evidence. Based on what Norton found inside the vehicle, he believed that Pitts was distributing THC and arrested him for the offense of manufacture / delivery of a controlled substance.

Michael Vohs, the supervising probation officer for the 277th District Court, testified that Pitts had failed to report to his probation officer in March and April 2021, admitted to using THC in March and May 2021, and tested positive for THC in April 2021. Based on Pitts' repeated violations, Vohs did not believe that Pitts was "putting forth the effort to continue to comply with probation."

4

The defense called one witness, Lavonne Brown, Pitts's mother, who testified that Pitts, who was 21 years old at the time of the hearing, had been living with her while on probation and that during that time, he had made both "bad decisions" and "good decisions." Brown believed that if Pitts remained on probation, she would be able to prevent him from committing more offenses.

At the conclusion of the hearing, the district court found several of the State's allegations to be true, including those to which Pitts pleaded true.[4] The district court then revoked Pitts's community supervision, adjudicated him guilty of possession of a controlled substance and possession of a controlled substance with intent to deliver and, as noted above, sentenced him to four and five years' imprisonment, respectively, for each offense.

We have reviewed the record and counsel's brief in each case. We agree with counsel that the appeals are frivolous and without merit. We find nothing in the record that might arguably support the appeals. We grant counsel's motion to withdraw and affirm the judgment adjudicating guilt in each case.

_____

Gisela D. Triana, Justice

---

[4] Specifically, the district court found that Pitts intentionally or knowingly used or possessed with intent to use a substance or device designed to falsify drug test results on the date alleged; failed to stop and render aid on the date alleged; consumed marijuana and alcohol on the dates alleged; failed to report to his community-supervision officer on the dates alleged; changed his place of residence without permission; failed to submit a urine sample as directed; failed to successfully complete a drug aftercare program as directed; and failed to attend and participate in recovery support group meetings as directed.

Before Justices Baker, Triana, and Smith

Affirmed

Filed:   August 25, 2023

Do Not Publish